# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-31028

United States Court of Appeals
Fifth Circuit

**FILED**
November 8, 2016

Lyle W. Cayce
Clerk

ERIC DEVON HOWARD,

Plaintiff-Appellant

v.

JAMES M. LEBLANC; JEFFERY TRAVIS; JERRY W. GOODWIN; ANGIE HUFF; LONNIE NAIL,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:15-CV-75

Before HIGGINBOTHAM, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Eric Devon Howard, Louisiana prisoner # 486451, moves to proceed in forma pauperis (IFP) in this appeal from the district court's dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). Howard's claim arises from the confiscation and potential destruction of his personal property by prison officials at the David Wade Correctional Center in Homer, Louisiana. By moving to proceed IFP in this

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court, Howard challenges the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Howard argues that the district court erred in dismissing his claim because he alleged a due process violation based on a prison policy, not on a state actor's random, unauthorized conduct. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986). However, the district court found that *Parratt* and *Hudson* were inapplicable and dismissed the claim for failing to allege a lack of notice and a hearing before the confiscation of Howard's property. Because Howard does not adequately brief any issues arising from the district court's judgment, they are abandoned. *See Brinkmann v. Dallas County Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Thus, Howard failed to raise any legal issues arguable on their merits. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, his motion for leave to proceed IFP is denied, and his appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous and the district court's dismissal of Howard's § 1983 complaint for failure to state a claim count as two strikes under § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). Howard is warned that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.